# CIRCUIT COURT OF NOTTOWAY COUNTY

Ricky Webb

v.

Norfolk Southern
Railway Co.

Case No. CL12-174

By Judge Paul W. Cella

February 15, 2013

I am writing to follow up on the hearing that was held on February 11, 2013.

### Plaintiff's Interrogatory Number 12
### and Request for Production Number 23

Ricky Webb (plaintiff) seeks disclosure of a letter that Norfolk Southern Railway Company (defendant) sent to an employee named Darryl Sellars. Defendant argues that this letter is protected by the self-critical analysis privilege.

Before I rule on this issue, I would like for the parties to submit memoranda on whether the self-critical analysis privilege has been recognized in any Virginia cases.

### Plaintiff's Interrogatory Number 14
### Surveillance Materials

Plaintiff seeks disclosure of any surveillance materials that are related to him. In its memorandum of February 5, 2013, defendant argued that the work product doctrine protects surveillance materials from discovery. At the hearing, however, defendant offered to disclose the existence of

surveillance materials after plaintiff's deposition and to provide a copy of any surveillance materials that defendant intends to use at trial. As I understand it, no surveillance materials currently exist.

Surveillance materials are work product, since they are prepared in anticipation of litigation. Under Rule 4:1(b)(3), however, the privilege that is attached to work product is not absolute. Work product may be discoverable if the party who seeks the work product has a substantial need of the materials and would face substantial hardship in obtaining the equivalent of the materials by other means. With regard to surveillance materials, disclosure is usually justified if the materials are going to be used at trial. See, e.g., *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43 (W.D. Va. 2000) (disclosure of surveillance materials required when defendant intended to use those materials for impeachment purposes at trial). Therefore, my decision is that, after plaintiff's deposition, defendant will be required to disclose the existence of surveillance materials and to provide a copy of any surveillance materials that defendant intends to use at trial.

### *Plaintiff's Request for Production Number 3*

Defendant asserts a work product privilege over the recorded statement of conductor Clarence Simpson. This statement was obtained by defendant's in-house claims agent, Joe Wolsh. Plaintiff argues that the statement was not prepared in anticipation of litigation and is therefore not privileged. Defendant argues that the statement is part of a risk analysis that was prepared in anticipation of litigation and that it is, therefore, work product. In addition, defendant argues that plaintiff can obtain the substantial equivalent of the statement by deposing Simpson.

I agree with defendant. I think that Simpson's statement was prepared in anticipation of litigation and that plaintiff can obtain the substantial equivalent of the statement by deposing Simpson. Therefore, defendant's claim of privilege as to Simpson's statement is sustained.

### *Corporate Representative's Deposition*

At the hearing, counsel indicated that they can work out the topics that are to be covered in the deposition of defendant's corporate representative, but the parties disagree as to the timing of the deposition. Noting that request for a corporate representative goes back to July 2012, and, based on what he feels to be dilatory behavior on the part of defendant, plaintiff wants the corporate representative to be produced by a date certain and before plaintiff's own deposition. See Plaintiff's Reply Memo and Further Motion To Compel Corporate Representative Deposition. Defendant wants the corporate representative to be deposed after fact witnesses have been deposed. See Defendant's Response in Opposition to Plaintiff's Motion To Compel Corporate Representative Deposition.

I agree with plaintiff's position. I will order the corporate representative to be produced with thirty days and before plaintiff is deposed.

March 1, 2013

I have received supplemental memoranda regarding Plaintiff's Interrogatory Number 12 and Request for Production Number 23. Under these discovery requests, Ricky Webb seeks disclosure or a letter that Norfolk Southern Railway Company sent to an employee named Darryl Sellars. Defendant argues that this letter is protected by the self-critical analysis privilege, and plaintiff disagrees.

In my opinion, current Virginia statutes and case law do not recognize the self-critical analysis privilege. It is true, as defendant points out, that Virginia Code § 8.01-581.17 recognizes a privilege of this nature in the context of peer reviews in medical malpractice actions, but this code section does not extend to other kinds of litigation. Therefore, I am overruling defendant's claim, and defendant is ordered to produce the Sellars letter to plaintiff. Plaintiff has also argued that defendant has not answered Interrogatory Number 12. To the extent that defendant has failed to answer Interrogatory Number 12, defendant is hereby required to do so.

Plaintiff's memorandum refers to a "housekeeping measure" regarding the topics that were listed in the corporate representative deposition notice. My notes indicate that the parties indicated that they could work this out between themselves. If this is not the case, please let me know.

Finally, plaintiff's request for entry of the scheduling order regarding medical evaluations under Rule 4:10 is granted.